[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff was employed by the defendant, Norman Marine, Inc., from January 1994 to February 27, 1996. The plaintiff on April 10, 1996, filed a complaint with the defendant State of Connecticut Department of Labor (DOL) alleging that the termination of his employment was in retaliation for his filing of a wage complaint with the DOL on September 1, 1995. Retaliation for filing a wage and hours complaint is specifically prohibited by General Statutes § 31-69b. The DOL, pursuant to § 31-69b(b), is directed to hold hearings on alleged violations of this section.
On September 19, 1996, the DOL held a hearing on the plaintiff's complaint. The plaintiff and his former employer both appeared with counsel and provided testimony. Both parties were offered an opportunity to respond to the hearing officer's proposed decision. The hearing officer determined that the plaintiff had not sustained his burden of proof by the preponderance of the evidence that he was terminated in violation of § 31-69b and proposed dismissal of the complaint. The Commissioner of the DOL on May 5, 1997, issued a final decision affirming and incorporating the hearing officer's proposed decision. As a party aggrieved by the decision the plaintiff is authorized under § 31-69b(b) to appeal such decision to the Superior Court pursuant to the Uniform Administrative Procedure Act (UAPA), General Statutes § 4-166, et seq.; § 4-183.
In his appeal, the plaintiff raises two claims. The plaintiff asserts that the agency was required to respond specifically to his motion to correct which addressed the proposed decision of the hearing officer. The plaintiff cites no authority in the language of the UAPA or in any decisions, which notes such a requirement. The plaintiff fails to establish how the failure to respond to the motion to correct prejudices his substantial rights, which the court must find to affirm an appeal pursuant to § 4-183 (j).
The plaintiff's other claim attacks the factual determinations of the hearing officer. In resolving these claims the court is restricted to the limited scope of review of agency CT Page 8064 actions under the UAPA and the substantial evidence rule.
General Statutes § 4-183 (j) provides that "[t]he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact . . . The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record."
"Judicial review of [an administrative agency's] action is governed by the Uniform Administrative Procedure Act (General Statutes, c. 54, 4-166 through 4-189), and the scope of that review is very restricted . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the [administrative agency] . . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." (Citations and internal quotation marks omitted.) Board of Education v. Freedom of InformationCommission, 208 Conn. 442, 452 (1988).
"The substantial evidence rule governs judicial review of administrative fact-finding under the UAPA. General Statutes § 4-183 (j)(5) and (6). An administrative finding is supported by substantial evidence if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. The substantial evidence rule imposes an important limitation on the power of the courts to overturn a decision of an administrative agency . . . and to provide a more restrictive standard of review than standards embodying review of weight of the evidence or clearly erroneous action." (Citations and internal quotation marks omitted; footnote omitted.) Dolgnerv. Alander, 237 Conn. 281. Substantial evidence "is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." (Citations and internal quotation marks omitted.) Id.
The hearing officer heard testimony from the principal antagonists, the plaintiff and his former employer's principal, Norman Kurtz. The hearing officer chose to credit the testimony CT Page 8065 of Kurtz rather than the plaintiff. Kurtz's testimony is sufficient to provide substantial evidence that: the plaintiff and Kurtz were involved in an altercation in which the plaintiff choked Kurtz on February 26, 1996. The altercation occurred after Kurtz requested that the plaintiff sign notes concerning an absence and late arrival in accordance with a DOL investigator's request. The testimony of Kurtz supports the hearing officer's finding that the plaintiff's firing was in response to the "choking" incident rather than the filing of the wage complaint.
The decision of the DOL is affirmed and the appeal is dismissed.
Robert F. McWeeny, J.